At the Gamez Court

IN AND FOR THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Gabriel Gamez,<br><br>    Plaintiff.<br><br>v.<br><br>Greystar Real Estate Partners, LLC (fictitious entity),<br><br>Twelve 925 East Mansfield Owner III, LLC, dba Trillium (fictitious entity),<br><br>Bob Faith (private and professional capacity),<br><br>Casey Fairburn (private and professional capacity),<br><br>Nik O. Armitage (private and professional capacity),<br><br>JJ Thompson (private and professional capacity),<br><br>Ericka Reynolds (private and professional capacity),<br><br>Jessica A. Thompson (private and professional capacity),<br><br>Armitage & Thompson, PLLC (fictitious entity),<br><br>Michelle Ressa (private and professional capacity),<br><br>Marla L. Polin (private and professional capacity),<br><br>Julie McKay (private and professional capacity),<br><br>Timothy W. Fitzgerald (private and professional capacity),<br><br>the County of Spokane (fictitious entity),<br><br>    Defendants. | No. 2:23-cv-00015-TOR<br><br>VERIFIED AMENDED COMPLAINT<br><br>Pursuant to:<br><br>42 USC 1983;<br><br>TRIAL BY JURY DEMANDED<br><br>FILED IN THE<br>U.S. DISTRICT COURT<br>EASTERN DISTRICT OF WASHINGTON<br><br>MAY 05 2023<br><br>SEAN F. McAVOY, CLERK<br>_____DEPUTY<br>SPOKANE, WASHINGTON |

**AMENDED COMPLAINT**

Plaintiff, Gabriel Gamez, herein Plaintiff, jointly and severally seeks redress for grievances against Defendants for Constitutional right violations which incorporate both criminal and civil penalties, and with firsthand knowledge states in support:

**INTRODUCTION**

This action arises out of the Defendants' conspiracy to deprive Plaintiff of the inherent, sacred, inalienable, and inviolable rights absent due process. These rights include, but are not limited to,

Pg. 1

the exclusive enjoyment, use, and disposal of property exclusive to the Plaintiff. This inherent and sacred right incorporates the right to be secure in person, home and effects, and secure from deprivation of life, liberty, and property.

This action arises out of the Defendants' conspiracy to deny Plaintiff access and enjoyment of his property by color of state law, which is protected by the Fourth and Fifth Amendment.

The causes of action brought are (1) frauds and swindles, (2) abuse of process, (3) extortion, (4) retaliatory eviction, (5) violation of public policies, (6) intentional infliction of emotional distress, (7) violations of 42 USC 1983, and (8) conspiracy.

Plaintiff asks the Court to convene a federal grand jury to investigate the allegations set forth herein for what Plaintiff believes to be violations of federal law by all Defendants, incorporating title 18 USC 241 and 242.

## JURISDICTION AND VENUE

1. Pursuant to 28 USC 1331, this Court has jurisdiction over this civil action arising under the Constitution and laws of the United States.

2. Pursuant to 28 USC 1343(a)(1), this Court has jurisdiction over this civil action to recover damages for injury to person and property, due to acts done in furtherance of a conspiracy to deprive Plaintiff of his immunities under the laws of the United States.

3. Pursuant to 28 USC 1343(a)(2), this Court has jurisdiction over this civil action to recover damages from persons who both failed to prevent the aforementioned conspiracy of which they had the knowledge was about to occur and power to prevent.

4. Pursuant to 28 USC 1343(a)(3) and 42 USC 1983, this Court has jurisdiction over this civil action commenced to redress the deprivation, under color of State law, of rights secured by the Constitution of the United States.

5. Plaintiff is not a statutory resident of the State of Washington nor statutory United States citizen, and has no minimum contacts necessary for a substantial nexus with the State of Washington.

6. Defendants are Residents of the State of Washington and United States citizens.

7. The amount in controversy exceeds the maximum amount allowed within the limits of the jurisdiction of the State Court.

8. Defendants committed wrongful acts by administering a federal act for public housing on a private man and his private property.

9. The Housing Acts, creatures of federal law, are funded with federal dollars, governed by federal regulations, and overseen by The Department of Housing and Urban Development, herein HUD, a federal cabinet level administrative agency.

10. Diversity of citizenship and federal questions exist.

11. This Federal District Court has original jurisdiction.

## PARTIES

12. Plaintiff is a man with no minimum contacts with the State of Washington.

13. Defendant County of Spokane is a municipal corporation and political subdivision of the State of Washington, herein acting through its agents of the Spokane County Sheriff's Office and Superior Court.

14. Defendant Marla L. Polin is a woman acting as judge for the County of Spokane.

15. Defendant Julie McKay is a woman acting as judge for the County of Spokane.

16. Defendant Michelle Ressa is a woman acting as court commissioner for the County of Spokane.

17. Defendant Timothy W. Fitzgerald is a man acting as clerk for the County of Spokane.

18. Defendant Nik O. Armitage is a man acting as attorney for the State of Washington, and cofounder of Armitage & Thompson, PLLC, hereinafter A&T.

19. Defendant JJ Thompson is a man acting as attorney for the State of Washington, and cofounder of A&T.

20. Defendant Ericka Reynolds is a woman acting as paralegal for the State of Washington, and employee of A&T.

21. Defendant Jessica A. Thompson is a woman acting as law clerk for the State of Washington, and employee of A&T.

22. Defendant Bob Faith is a man acting as CEO for Greystar Real Estate Partners, LLC, a corporation licensed to do business in the State of Washington.

23. Defendant Casey Fairburn is a woman acting as Assistant Property Manager for Trillium, sometimes referred to as Twelve 925 East Mansfield Owner III, LLC, a corporation licensed to do business in the State of Washington.

## GENERAL FACTUAL ALLEGATIONS

24. At all times relevant, Plaintiff is in lawful pursuit of happiness.

25. At all times relevant, the record will reflect there is no legal or lawful relationship between Plaintiff and Twelve 925 East Mansfield Owner III, LLC, herein Trillium.

26. On September 22nd, 2022, a voicemail was left on Plaintiff's phone by an employee of Trillium, claiming that rent was due and if it wasn't paid by the end of the day, a fourteen day notice would be issued.

27. On September 23rd, Plaintiff was sent a notice from Trillium, wherein Trillium assumes the role of landlord, claims Plaintiff is a tenant "not in compliance with the terms of the lease agreement", and threatens to make Plaintiff homeless by way of eviction based on the lack of compliance.

28. On October 11th, Plaintiff filed a Petition for Temporary Injunction against Trillium in the United States District Court of Eastern Washington, Spokane Division.

29. Also on October 11th, Plaintiff sent a copy of the petition to Casey Fairburn and Bob Faith via USPS.

30. On October 14th, Plaintiff was sent a "Rent Repayment Plan" from Trillium, wherein Trillium doubles down on their unfounded claims that a landlord-tenant relationship exists, and has resulted in an accrued debt.

31. On November 29th, Plaintiff was sent a 60 Day Notice to Vacate, wherein Casey Fairburn states that Plaintiff's alleged tenancy ends on January 23rd, 2023, and signs as Assistant Community Manager for Trillium Apartments and Greystar Property Management.

32. On December 14th, Plaintiff was given an unverified Complaint and Summons for an Unlawful Detainer case filed in the Superior Court of the State of Washington, wherein the only signatures provided are by Nik O. Armitage and Ericka Reynolds.

33. On December 28th, an Order of Default, Writ of Restitution, and Judgment in favor of Trillium was filed and acted upon in the Superior Court of the County of Spokane, under the authority of Timothy W. Fitzgerald, featuring a seal by Julie McKay, and signatures by Marla L. Polin, Nik O. Armitage, and Jessica A. Thompson.

34. On December 30th, the County of Spokane, through an unknown officer of the County's Sheriff's Office, left a notice from the Sheriff's Office, together with a copy of the order, writ, and judgment taped to Plaintiff's door.

35. On January 2nd, 2023, Plaintiff sent a notice of liability and intent to sue to the Sheriff's Office, at the time in care of Ozzie D. Knezovich, the Sheriff at the time, and Michael Kittilstved, the Undersheriff.

36. On January 10th, 2023, Dave Lawhorn, a Deputy of the County's Sheriff's Office, assisted in the changing of the locks, removing Plaintiff's ability to access his own home, and left a warning he signed taped to Plaintiff's door.

37. Pursuant to Trillium's unauthorized attorney's unverified filings, Trillium is attempting to enforce the Residential Landlord-Tenant Act of 1973 ("RLTA"), RCW 59.18 et seq.

38. Pursuant to Engrossed Substitute Senate Bill No. 2226, as of 1973, Washington, through the RLTA, has adopted the Uniform Residential Landlord and Tenant Act ("URLTA"), created by the National Conference Of Commissioners On Uniform State Laws.

39. According to the Uniform Law Commission, also known as the National Conference of Commissioners on Uniform State Laws, "[t]he purpose of the [...] act was to [...] base all phases of the rental agreement on contract law."

40. Washington State Legislature has amended and added portions to the RLTA since 1973, but the core of the original 1973 Act remains in effect.[1]

41. The drafting process of the URLTA draws on the expertise of state-appointed commissioners, legal experts, advisors, and observers representing the views of other **legal organizations or interests that will be subject to the proposed laws.**

42. Pursuant to Section 1.201 of the URLTA, titled "SCOPE AND JURISDICTION", "this Act applies to, regulates, and determines rights, obligations, and remedies **under a rental agreement**, wherever made, for a dwelling unit located **within this state**."

43. Pursuant to RCW 82.04.200, "in this state" or "**within this state**" includes all federal areas lying within the exterior boundaries of the state.

44. Pursuant to Section 1.301 of the URLTA:

    (6) "**organization**" includes a corporation, government, governmental subdivision or agency, business trust, estate, trust, partnership or association, 2 or more persons having a joint or common interest, and **any other legal or commercial entity**;

    (8) "**person**" includes an individual or organization;

---

[1] Pg. 10 of Losing Home: The Human Cost of Eviction in Seattle, a report by the Seattle Women's Commission and the Housing Justice Project of the King County Bar Association.

(14) **tenant** means a <u>person</u> entitled under a rental agreement to occupy a dwelling unit to the exclusion of others.

45. Pursuant to RCW 59.18.030, Section 3 of the RLTA:

    (21) "Person" means an <u>individual</u>, group of individuals, corporation, government, or governmental agency, business trust, estate, trust, partnership, or association, two or more persons having a joint or common interest, or **any other legal or commercial entity**.

    (34) A "tenant" is any person who is entitled to occupy a dwelling unit primarily for living or dwelling purposes under a rental agreement.

46. Based on the federal and state rules of construction, and the comment provided after Sec. 1.202, by those definitions, the URLTA is intended to apply to **government or public agencies acting as "landlords"**, and a "tenant" includes one or more individuals acting within a federal area as or on behalf of a legal or commercial entity.

47. The record does not reflect that Plaintiff has ever been a statutorily defined person under a legally enforceable rental agreement with Trillium.

48. URLTA is an administrative codification of the National Housing Act of 1934 (Capehart Act), ch. 847, 48 Stat. 847 (1937) (codified as amended at 12 U.S.C. § 1701 to 1750g and 42 U.S.C. § 1401 to 1440).

49. URLTA also incorporates the United States Housing Act of 1937 (act of Sept. 1, 1937, ch. 896, as revised generally by Pub. L. 93–383, title II, §201(a), Aug. 22, 1974, 88 Stat. 653, and amended, which is classified generally to chapter 8 (42 § 1437 et seq).

50. Pursuant to 42 USC 1437, it is the policy of the United States to "promote the general welfare of the Nation by employing the funds and credit of the Nation […] to assist States and political subdivisions of States to remedy the **unsafe housing** conditions and […] to address the **shortage of housing** affordable to low-income families; and […] to vest in public housing agencies… program administration, with appropriate accountability".

51. Pursuant to RCW 35.82.070, "[A housing] authority [has] all the powers necessary [...] to [...] administer contracts for assistance payments to persons of low income in accordance with section 8 of the United States Housing Act of 1937, as amended by Title II, section 201 of the Housing and Community Development Act of 1974, P.L. 93-383."

52. Pursuant to HUD's Due Process Determination for the State of Washington, "[c]hapter 59.18 applies to public housing tenancies."

53. The strategy determined in the Housing Acts was to administer a **federal housing program** that would be managed at a local level.

54. The Housing Acts are administered by a local agency, a Public Housing Authority (PHA), and usually state level courts guided by URLTA rules.

55. Quoting from the 1937 Act: "It is hereby declared to be policy of the United States to promote the general welfare of the Nation by employing its funds and credit, as provided in this Act, to assist the several States and their political subdivisions [...] to remedy [...] the acute shortage of decent, safe, and sanitary dwellings for families [...] that are injurious to the health, safety, and morals of the citizens of the Nation." Id. Sec. 1, 50 Stat. at 888.

56. Pursuant to a note under RCW 59.18.057, "the legislature intends with this act to make such modifications to ensure that tenants with limited to no resources maintain stable housing."

57. Pursuant to 42 USC 1441, "Congressional declaration of national housing policy", "the general welfare and security of the Nation and the health and living standards of its people require... governmental assistance... be utilized where feasible to enable private enterprise to serve more of the total need..."

58. Pursuant to 42 USC 3531, "The Congress hereby declares that the general welfare and security of the Nation and the health and living standards of our people require...

establishment of an executive department [HUD]... to provide for **full and appropriate consideration**... of the needs and interests of the Nation's communities and of the people who live and work in them."

59. *Nemo dat quod non habet*, "no one can give what they do not have"; the legislature, ordained by the people for the people's benefit, cannot grant a license to harm the people.

60. The legislature, further, cannot grant a license to subvert the people that ordained it.

61. Using the URLTA or RLTA to make a man and his family homeless is subversion of the power under which they were created, the purposes and policies of the act, and an overt dereliction of the obligation of good faith imposed by Sec. 1302 and RCW 59.18.020.

62. Pursuant to 42 USC 1404a, the Secretary of HUD may sue with respect to its functions under the Housing Act of 1937.

63. The record does not reflect that Trillium nor A&T are designees of the Secretary of HUD to sue on its behalf.

64. The record does not reflect that the Superior Court of Spokane County was proper venue.

65. The record does not reflect Trillium has a delegation of authority to administer the Housing Acts, URLTA, nor RLTA, and thereby lacks the necessary power to enforce, or enlist the assistance of A&T and the County of Spokane to enforce on its behalf.

66. The record does not reflect that Trillium is a government or public agency.

67. The record does not reflect that the subject property is public housing.

68. The record does not reflect that the subject property is for public use.

69. The record does not reflect that the subject property or Plaintiff is otherwise subject to the federal Housing Acts, URLTA, nor RLTA.

## FEDERAL QUESTIONS

70. 1st Federal Question: When a political subdivision, the County of Spokane, created under the Washington State Constitution, works in conjunction with agents of its municipal

corporation and attorneys to deprive constitutionally secured substantive rights of a private man, does the Plaintiff lose his rights? Plaintiff contends, no.

Therefore, Plaintiff is entitled to injunctive relief to enjoin all Defendants from enforcing unconstitutional actions against the Plaintiffs or anyone else.

71. 2nd Federal Question: Can the advice, guidelines, recommendations, and encouragement from corporate, state subdivisional, and federal agencies, such as A&T, the County of Spokane, or HUD, supersede the United States Constitution which incorporates substantive and procedural due process? Plaintiff contends, no.

    Therefore, Plaintiff is entitled to a reversal of the judgment issued in favor of Nik O. Armitage of A&T's unverified filings on behalf of Trillium in Case No. 22204378-32 in the Superior Court of Spokane County.

72. 3rd Federal Question: Does the RLTA, a state's codification of federal Housing Acts and regulations provided by the Uniform Law Commission, allow Defendants to skirt due process and supersede Plaintiff's constitutionally secured rights? Plaintiff contends, no.

    Therefore, Plaintiff is entitled to restitution of the home and property found at and removed from 12930 E Mansfield Ave, Apt HH102.

73. 4th Federal Question: Must the Plaintiff comply with edicts, ordinances, suggestions, or processes that violate or work to deprive constitutionally secured rights? Plaintiff contends, no.

    Therefore, Plaintiff is entitled to punitive damages from all Defendants in the amount of 1,640,402.00 for the arbitrary, capricious, and unreasonable deprivation of rights guaranteed by God and secured by the United States Constitution.

WHEREFORE, Plaintiff demands judgment for injunctive relief, restitution, and punitive damages against Defendants, together with such other relief as the Court may deem reasonable and just under the circumstances.

## COUNTS

### One: Frauds and swindles (Against Defendant Trillium)

74. Plaintiff realleges and restates the foregoing jurisdictional and general factual allegations.

75. On September 22nd, 2022, a voicemail was left on Plaintiff's phone by an employee of Trillium, claiming that rent was due and if it wasn't paid by the end of the day, a fourteen day notice would be given.

76. Trillium, and its employees, does or should know that a fourteen day notice is only due in matters regarding landlord-tenant relationships.

77. Trillium, by its unauthorized attorney's complaint's exhibit A, admit to having knowledge, or at least proof, of the lack of any legally enforceable contract.

78. On September 23rd, Plaintiff sent an email to Trillium, inquiring if this voicemail was an attempt to enforce a contract.

79. Also on September 23rd, in lieu of any response to his inquiry, Plaintiff was sent a notice from Trillium via USPS, wherein Trillium threatens to make him homeless by way of eviction unless he pays Trillium one thousand, four hundred and ninety United States dollars ($1490).

80. On October 14th, Trillium sends Plaintiff a "Rent Repayment Plan" via USPS, wherein Trillium claims that Plaintiff has accrued further dues in the total of two thousand, four hundred eighty-three dollars, and 43/100 United States dollars ($2438.34), without payment of which will result in Plaintiff being removed from his home.

81. Trillium, knowingly lacking a contract to enforce against Plaintiff, used the mail to destroy the legal integrity of the landlord-tenant relationship in its attempts to use false pretenses in order to obtain money from Plaintiff.

WHEREFORE, Plaintiff moves this court to enter an order for money damages against Defendants jointly and severally together with such further relief as the court may deem equitable and just under the circumstances.

### Two: Abuse of Process (Against all Defendants)

82. Plaintiff realleges and restates the foregoing jurisdictional and general factual allegations.

83. A&T, on Trillium's behalf, has instituted an Unlawful Detainer action, which allows for a landlord to seek relief from a tenant in a relationship founded under RCW 59.18.

84. Trillium and A&T, two non-landlords, with the assistance of Michelle Ressa, Marla L. Polin, Julie McKay, Timothy W. Fitzgerald, and The Spokane County Sheriff's Office, have instead used this proceeding to deprive Plaintiff, a non-tenant, of his right to safe and stable housing.

85. As a result, Plaintiff has been gripped with panic, dread, and worry for himself and his family as the actions by Defendants have made them homeless.

WHEREFORE, Plaintiff moves this court to enter an order for permanent injunctive relief against all Defendants jointly and severally together with any such further relief as the court may deem equitable and just under the circumstances.

### Three: Extortion (Against all Defendants)

86. Plaintiff realleges and restates the foregoing jurisdictional and general factual allegations.

87. Plaintiff realleges and restates the foregoing Points 74 through 85.

88. Trillium, by and through A&T, the court overlooked by Marla L. Polin, Michelle Ressa, Julie McKay, and Timothy W. Fitzgerald, and The County of Spokane, by and through the Spokane County's Sheriff's Office, have used the process of an Unlawful Detainer Action to threaten Plaintiff's safety, livelihood, happiness, stability, and permanently restrict access to safe housing for their own pecuniary advantages.

WHEREFORE, Plaintiff moves this court to enter an order for money damages against Defendants jointly and severally together with such further relief as the court may deem equitable and just under the circumstances.

### Four: Retaliatory Eviction (Against all Defendants)

89. Plaintiff realleges and restates the foregoing jurisdictional and general factual allegations.

90. Plaintiff realleges and restates the foregoing Points 74 through 88.

91. On October 11th, Trillium, through Bob Faith and Casey Fairburn, became aware of an injunction filed against them.

92. On October 14th and November 29th, two more notices were sent from Trillium, clearly indicating that regardless of Plaintiff's injunction, they still intend on pursuing eviction.

93. On December 13th, only 64 days after Plaintiff filed, Trillium, instead of responding in the case against them, enlisted A&T's assistance to file a complaint for unlawful detainer.

94. On December 14th, Michelle Ressa issued an order requiring Plaintiff to appear.

95. On December 28th, Julie McKay, despite a federal removal on the record staying further proceedings, entered a judgment in Trillium's favor.

96. The judgment, containing a Writ of Restitution issued under Timothy W. Fitzgerald's authority and signed by Marla L. Polin, instructed the Spokane County Sheriff's Office to remove Plaintiff from his home.

97. On January 10th, 2023, David Lawhorn, a Deputy of the County's Sheriff's Office, assisted in the changing of the locks, removing Plaintiff's ability to access his own home.

WHEREFORE, Plaintiff moves this court to enter an order for Defendant Trillium to restore Plaintiff's access to his home and property, and money damages against all Defendants, together with such further relief as the court may deem equitable and just under the circumstances.

### Five: Violation of Public Policies (Against all Defendants)

98. Plaintiff realleges and restates the foregoing jurisdictional and general factual allegations.

99. Plaintiff realleges and restates the foregoing Points 74 through 97.

100. The policies and their purposes for existence established in 42 USC § 1437, 3531, 4321, and 11311, 59.18 et seq, and the National Housing Act of 1934, have all been violated by Trillium, by and through A&T and the County of Spokane, in the court conducted according to papers signed by Marla L. Polin, Michelle Ressa, Julie McKay, and Timothy W. Fitzgerald.

WHEREFORE, Plaintiff moves this court to enter an order for money damages against Defendants jointly and severally, together with such further relief as the court may deem equitable and just under the circumstances.

### Six: Intentional Infliction of Emotional Distress (Against all Defendants)

101. Plaintiff realleges and restates the foregoing jurisdictional and general factual allegations.

102. Plaintiff realleges and restates the foregoing Points 74 through 100.

103. Defendants knew or should have known better than to use the process of an Unlawful Detainer Action to intentionally threaten Plaintiff's happiness, livelihood, peace, and permanently restrict access to safe housing.

104. Defendants actions, whether mindless or purposeful, have caused Plaintiff immense mental and emotional stress, leaving him now both homeless and racked with anxiety.

WHEREFORE, Plaintiff moves this court to enter an order for money damages against Defendants jointly and severally together with such further relief as the court may deem equitable and just under the circumstances.

### Seven: 42 USC 1983[2] (Against all Defendants)

105. Plaintiff realleges and restates the foregoing jurisdictional and general factual allegations.

106. Plaintiff realleges and restates the foregoing Points 74 through 104.

---

[2] By the plain terms of § 1983, two – and only two – allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." Gomez v. Toledo, 446 U.S. 635, 640 (1980)

107. Trillium, by and through Casey Fairburn, and with the help of A&T, Michelle Ressa, Marla L. Polin, Julie McKay, and Timothy W. Fitzgerald, used the authority granted to them to act under color of Washington state law to assist in making Plaintiff homeless.

108. Trillium, by and through the County of Spokane's Sheriff's Office, in an overreach of the authority granted to either of them by law, have made Plaintiff homeless.

109. Defendants have acted under authorities granted to them by law to deprive Plaintiff of federally protected rights, including the right to due process, life, property, health, and welfare. (Cf. Fourth and Fifth Amendment of the United States Constitution and the Congressional purpose of the National Environmental Policy Act of 1969.)

WHEREFORE, Plaintiff moves this court to enter an order for money damages against Defendants jointly and severally together with such further relief as the court may deem equitable and just under the circumstances.

### Eight: Conspiracy (Against all Defendants)

110. Plaintiff realleges and restates the foregoing jurisdictional and general factual allegations.

111. Plaintiff realleges and restates the foregoing Points 74 through 109.

112. Trillium, aware of a federal suit filed against them, hired A&T to evict Plaintiff.

113. With the willing assistance of Michelle Ressa, Marla L. Polin, Julie McKay, Timothy W. Fitzgerald, and the County of Spokane, Trillium and A&T used the Washington State's Residential Landlord Tenant Act, codified under RCW 59.18 et seq., to abuse court processes in the execution of an extortive and retaliatory eviction against Plaintiff.

114. The actions jointly taken by Defendants have deprived Plaintiff of his right to due process, happiness, privacy, security, health, welfare, and harmony with his environment.

WHEREFORE, Plaintiff moves this court to enter an order for equitable relief with money damages against Defendants jointly and severally together with such further relief as the court may deem equitable and just under the circumstances.

WHEREFORE, Plaintiff moves this Court to enter judgment in his favor and against the individual Defendants, and award damages as follows:

A. Equitable relief in the form of a Permanent Injunction enjoining all Defendants from further harm;

B. Restitution of Plaintiff's home and property located at 12930 E Mansfield Ave, HH102.

C. Reversal of judgment in Case No. 22204378-32 in the Superior Court of Spokane County.

D. Compensatory damages of one million, six hundred forty thousand, four hundred and two United States dollars ($1,640,402.00);

E. Punitive damages as allowed by law;

F. Reasonable counsel fees, costs, and litigation expenses; and

G. Any other relief this Court deems just and appropriate.

UNDER THE LAWS OF GOD, I affirm that the facts alleged in the foregoing are true and correct according to my own personal knowledge. [Cf. 28 USC 1746(1).]

_____
Gabriel Gamez, Plaintiff
On this fifth day of May, 2023 A.D.