FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 12, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GABRIEL GAMEZ,<br><br>                 Plaintiff,<br><br>   v.<br><br>GREYSTAR REAL ESTATE PARTNERS, LLC., et al.,<br><br>                 Defendants. | No. 2:23-CV-0015-TOR<br><br>ORDER OF DISMISSAL |

BEFORE THE COURT are Plaintiff's untimely Verified Amended Complaint, Proofs of Service, and Response to Order to Show Cause. ECF Nos. 18, 20, and 21. The Court issued an Order to Show Cause on April 28, 2023 directing Plaintiff to "**show cause**, on or before May 8, 2023, why this case should not be dismissed for: (1) failure to properly serve each Defendant; and (2) failure to establish the subject matter jurisdiction of this Court over this suit." ECF No. 17. The Court has reviewed the record and files herein and is fully informed.

ORDER OF DISMISSAL ~ 1

## DISCUSSION

First, Plaintiff has filed an Amended Complaint without leave of Court and not timely as provided by Federal Rule of Civil Procedure 15(a). Accordingly, the Amended Complaint is a nullity. Even if the Court considered the Amended Complaint, it is insufficient to establish this Court's subject matter jurisdiction over the dispute. Pursuant to Federal Rule of Civil Procedure 12(h)(3), the court must dismiss the action if it determines that it lacks subject-matter jurisdiction.

Next, Plaintiff filed Proofs of Service. According to Federal Rule of Civil Procedure 4(e), Plaintiff has not properly served the Summons and Complaint upon each Defendant. When serving an individual within a judicial district of the United States, service is made by

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Washington law allows a party to serve an individual by providing a copy of the complaint and summons to the defendant personally or "by leaving a copy of the summons at the house of [the defendant's] usual abode with some person of suitable age and discretion then resident therein;"

ORDER OF DISMISSAL ~ 2

1  RCW 4.28.080(16); however, it does not permit service by leaving a copy of the
2  complaint and summons at the person's place of employment, RCW 4.28.080(17);
3  *Dolby v. Worthy*, 141 Wash. App. 813, 817 (2007) ("An individual defendant
4  cannot be served by serving an employee at defendant's place of business.").

5      Leaving "the summons" with "Kristin at the administrative office front
6  desk", "Megan front desk Secretary", "deputy G. Pratt Sheriff Office front desk",
7  or "A deputy clerk at Spokane County Superior Court Front desk" does not
8  properly effectuate service on the named Defendants.  Accordingly, the case will
9  be dismissed for improper and untimely service of process.  Thus, no "good cause"
10 has been shown to extend the time for service.

11     Next, Plaintiff has not shown that this Court has subject matter jurisdiction
12 over the dispute.  To state a claim under § 1983, a plaintiff must establish (1) the
13 defendant is a person acting under the color of state law, and (2) the defendant's
14 conduct must have deprived the plaintiff of rights, privileges, or immunities
15 secured by the Constitution or laws of the United States.  *Anderson v. Warner*, 451
16 F.3d 1063, 1067 (9th Cir. 2006).  Private citizens and entities generally cannot be
17 sued for violation of constitutional rights because they are not acting under color of
18 state law.  *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50, (1999) ("the
19 under-color-of-state-law element of § 1983 excludes from its reach merely private
20 conduct, no matter how discriminatory or wrongful") (internal quotations omitted).

ORDER OF DISMISSAL ~ 3

Judges are absolutely immune from civil liability for damages for their judicial acts. *See Mullis v. U.S. Bankr. Ct. for Dist. of Nev.*, 828 F.2d 1385, 1388 (9th Cir. 1987). Absolute judicial immunity also extends to nonjudicial officers for all claims relating to the exercise of judicial functions (carrying out orders of the court). *See Curry v. Castillo*, 297 F.3d 940, 947, 952 (9th Cir. 2002).

Finally, Plaintiff alleges a conspiracy but provides no basis for such allegations. To establish a conspiracy claim under Section 1983, a plaintiff must show "(1) the existence of an express or implied agreement among the defendant officers to deprive him of his constitutional rights, and (2) an actual deprivation of those rights resulting from that agreement." *Avalos v. Baca*, 596 F.3d 583, 592 (9th Cir. 2010). "Such an agreement need not be overt, and may be inferred on the basis of circumstantial evidence such as the actions of the defendants." *Crow v. Cty. of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010) (citation omitted). However, to be liable, "each participant must at least share the common objective of the conspiracy." *Id.*

Plaintiff's conspiracy allegations are conclusory and vague. They do not meet the pleading requirement of Rule 8.

Moreover, Plaintiff cannot initiate criminal charges, only the government may prosecute crimes. *See Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973). Criminal actions in district court must be brought by the United States Attorney.

ORDER OF DISMISSAL ~ 4

28 U.S.C. § 547(1); *United States v. Batchelder*, 442 U.S. 114, 124 (1979).

Unless it is absolutely clear that amendment would be futile, a *pro se* litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded by statute*, 28 U.S.C. § 1915(e)(2), *as recognized in Aktar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). The Court finds that it is absolutely clear that no amendment will cure the deficiencies in Plaintiff's Complaint. Therefore, the Court dismisses Plaintiff's Complaint with prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. All claims and causes of action in this matter are **DISMISSED with prejudice** for: (1) failure to properly serve each Defendant; and (2) failure to establish the subject matter jurisdiction of this Court over this suit.

2. Defendant's unopposed Motion to Dismiss, ECF No. 8, is **GRANTED**.

The District Court Executive is directed to enter this Order and judgment accordingly, furnish copies to counsel and Plaintiff at his last known address, and **CLOSE** the file.

DATED May 12, 2023.



THOMAS O. RICE
United States District Judge

ORDER OF DISMISSAL ~ 5

ORDER OF DISMISSAL ~ 6